# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In the Matter of:

Randal Scot Brinkman and
Carol Marie Brinkman,

      Petitioners,

v.

United States, Inc., ex rel.
Internal Revenue Service,

      Respondent.

Case No. 15-mc-67 (JNE/HB)

**REPORT AND
RECOMMENDATION**

In the Matter of:

Randal Scot Brinkman and
Carol Marie Brinkman,

      Petitioners,

v.

United States, Inc., ex rel.
Internal Revenue Service,

      Respondent.

Case No. 15-mc-74 (JNE/HB)

Randal Scot Brinkman and Carol Marie Brinkman, pro se

Bahram Samie, United States Attorney's Office, 300 South 4th Street, Suite 600,
Minneapolis, MN 55415, for United States, Inc., ex rel. Internal Revenue Service

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Randal Scot Brinkman and Carol Marie Brinkman's (Petitioners') Amended Petition to Quash IRS Summons [Doc. No. 2, Case No. 15-mc-67]; Petition to Quash IRS Summons [Doc. No. 1, Case No. 15-mc-74]; and the United States of America's Motions to Dismiss [Doc. No. 5, Case No. 15-mc-67; Doc. No. 4, Case No. 15-mc-74]. These motions were referred to the undersigned by the Honorable Joan N. Ericksen, United States District Judge, in Orders of Reference dated October 21, 2015 [Doc. No. 11, Case No. 15-mc-67] and dated October 26, 2015 [Doc. No. 10, Case No. 15-mc-74]. For the reasons set forth below, the Court recommends that the Amended Petition to Quash IRS Summons and the Petition to Quash IRS Summons be denied as moot and the United States of America's Motions to Dismiss be granted.

## I.      Background

Petitioners Randal Scot Brinkman and Carol Marie Brinkman commenced each of these actions by filing a petition to quash summonses issued by the Internal Revenue Service, pursuant to 26 U.S.C. § 7609(b)(2). Respondent filed a motion to dismiss in Case No. 15-mc-67 on October 20, 2015, and in Case No. 15-mc-74 on October 23, 2015. The Court issued an order on December 2, 2015, finding that the papers submitted were sufficient to rule on the motions without a hearing [Doc. No. 16, Case No. 15-mc-67; Doc. No. 14, Case No. 15-mc-74]. The Court gave the parties an opportunity until December 11, 2015, however, to request a hearing. Having received no such request, the Court took the motions under advisement.

## II.     Discussion

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a complaint for lack of subject matter jurisdiction.  When considering a Rule 12(b)(1) motion, a district court may consider matters outside the pleadings.  *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980).  "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."  *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).  A court has the duty to construe liberally a pro se party's pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The United States of America bases its motion to dismiss on its argument that the issues raised in the petitions are moot.  "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  In such cases, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Id.*  This requirement "subsists through all stages of federal judicial proceedings, trial and appellate," and it is not enough that there was actual controversy when the suit was filed if the parties do not continue to have a "personal stake in the outcome" of the lawsuit.  *Id.* at 477-78.  There are only two exceptional circumstances where a party need not continue to have a personal stake in the litigation: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its

3

cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 481 (citations omitted). Federal courts may address these actions, which are "capable of repetition, yet evading review." *Id.*

Here, the IRS issued and served a total of eleven administrative summonses on Petitioners and several other parties on June 29, 2015, August 13, 2015, and August 21, 2015, in the two cases captioned above. (Herman Decl. at 1-2 [Doc. No. 8, Case No. 15-mc-67]; Herman Decl. at 1-2 [Doc. No. 7, Case No. 15-mc-74].) The IRS withdrew all summonses by letter on September 22, 2015. (Herman Decl. at 2 [Doc. No. 8, Case No. 15-mc-67]; Herman Decl. at 2 [Doc. No. 7, Case No. 15-mc-74].) The IRS did not receive any records from the summoned parties pursuant to the summonses in Case No. 15-mc-67. (Herman Decl. at 3 [Doc. No. 8, Case No. 15-mc-67].) The IRS received two sets of records responsive to the summonses in Case No. 15-mc-74 on or before September 18, 2015. (Herman Decl. at 2 [Doc. No. 7, Case No. 15-mc-74].) No one at the IRS reviewed these records, however, and they were returned to the parties in person on October 7, 2015, and October 9, 2015. (Herman Decl. at 2 [Doc. No. 7, Case No. 15-mc-74].)

At least one court in this district has found a motion to quash to be moot when a summons is withdrawn. In *Thompson v. United States*, No. 06-4572 (PAM/JSM), 2007 WL 773713, at *1 (D. Minn. Mar. 12, 2007), the petitioner moved to quash forty administrative summonses served by the IRS, contending the IRS failed to provide him

with a reasonable opportunity to provide the IRS with information pursuant to federal law.  The IRS then formally withdrew the summonses.  *Id.*  The court concluded "[b]ecause the IRS formally withdrew the summonses, this action is moot."  *Id.*  Other courts around the country have found similarly.  *See, e.g.*, *Dame v. United States*, 643 F. Supp. 533, 534 (S.D.N.Y. 1986); *Dollar v. United States*, No. C84-978M, 1985 WL 6009, at *1 (W.D. Wash. Mar. 5, 1985); *Kearns v. United States*, 580 F. Supp. 8, 9 (S.D. Ohio 1983).

The Court finds that this case does not present exceptional circumstances such that rendering an opinion where there is no case or controversy would be appropriate.  While Respondent does not admit to any deficiencies in the summonses, it does not indicate that it will re-issue the summonses.  Further, Respondent notes "[a]lthough the IRS could theoretically re-issue the withdrawn administrative summonses, such summonses are not self-enforcing."  (Reply Mem. Supp. Mot. Dismiss at 2 [Doc. No. 14, Case No. 15-mc-67; Doc. No. 12, Case No. 15-mc-74].)  Respondent points out that it must affirmatively petition this Court for an order to enforce a summons by fulfilling its burden set in *United States v. Powell*, 379 U.S. 48 (1964).  As the IRS has not indicated that it will re-issue any summonses, the Court finds no basis to conclude Petitioners are likely to be subjected again to the same allegedly wrongful action.  Further, if the IRS does re-issue any summonses, Petitioners may file a new motion to quash if they believe they have a legally supportable reason for doing so.  If the summonses are then withdrawn once

again, the Court can revisit the issue of whether the litigation should nevertheless proceed in the absence of a case or controversy.

## III.   Recommendation

Based on the above and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.      Randal Scot Brinkman and Carol Marie Brinkman's Amended Petition to Quash IRS Summons [Doc. No. 2, Case No. 15-mc-67] be **DENIED AS MOOT**;

2.      Randal Scot Brinkman and Carol Marie Brinkman's Petition to Quash IRS Summons [Doc. No. 1, Case No. 15-mc-74] be **DENIED AS MOOT;**

3.      The United States of America's Motion to Dismiss [Doc. No. 5, Case No. 15-mc-67] be **GRANTED**;

4.      The United States of America's Motion to Dismiss [Doc. No. 4, Case No. 15-mc-74] be **GRANTED**; and

5.      Judgment be entered accordingly.

Dated: December 16, 2015              _s/*Hildy Bowbeer*_____
                                     HILDY BOWBEER
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.